# United States Court of Appeals
## For the Eighth Circuit
_____

No. 25-2527
_____

Brittany Byrd

*Plaintiff - Appellee*

v.

William Tapley, Chief, in his Individual and Official Capacity

*Defendant - Appellant*

Chris Harris, Assistant Chief, in his Individual and Official Capacity; Clayton Smith, Major, in his Individual and Official Capacity; Andrew Burningham, Lt., in his Individual and Official Capacity; City of Conway; Bart Castleberry, Mayor, in his individual and official capacity; Mike Welsh, Major; in his individual and official capacity

*Defendant*s
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: April 16, 2026
Filed: August 11, 2026
[Unpublished]
_____

Before KELLY, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

Brittany Byrd is a K–9 Officer with the police department in Conway, Arkansas. She sued the department's chief of police, William Tapley, under 42 U.S.C. § 1983 and the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-105, alleging he failed to promote her to sergeant based on her sex. Tapley moved for summary judgment, arguing he was entitled to qualified immunity. The district court denied his motion.

Tapley appeals, arguing the district court should have dismissed Byrd's failure-to-promote claim based on qualified immunity. "[W]e ordinarily lack jurisdiction over an interlocutory appeal challenging the denial of a motion for summary judgment," but "when summary judgment is denied on the issue of qualified immunity," we have limited jurisdiction to review a few issues. *Simon v. Jones*, 166 F.4th 1137, 1141 (8th Cir. 2026) (quoting *Kelley v. Pruett*, 163 F.4th 1130, 1134 (8th Cir. 2026)). One of these is "whether the district court upheld its threshold duty to make a thorough determination of an official's claim of qualified immunity . . . ." *Id.* (cleaned up). To satisfy this duty, the district court "must take a careful look at the record, determine which facts are genuinely disputed, and then view those facts in a light most favorable to the non-moving party as long as those facts are not so blatantly contradicted by the record that no reasonable jury could believe them." *Id.* (quoting *Kelley*, 163 F.4th at 1134). "The court should then 'determine if those facts demonstrate a constitutional violation that is clearly established.'" *Id.* (quoting *Kelley*, 163 F.4th at 1134).

The district court's entire analysis is just one sentence: "Tapley is not immune because Byrd is asserting that [he] violated her clearly established right to equal opportunity in employment." This does not suffice under the standard outlined above. Indeed, the district court's analysis is so scant that we cannot conduct any meaningful appellate review. *See Walton v. Dawson*, 752 F.3d 1109, 1116 (8th Cir. 2014) ("District courts must make reasoned 'findings of fact and conclusions of law' sufficient to permit meaningful appellate review of the qualified immunity

-2-

decision." (quoting *Robbins v. Becker*, 715 F.3d 691, 694 (8th Cir. 2013))). We consequently vacate the district court's judgment insofar as it denied Tapley qualified immunity on Byrd's failure to promote claim and remand for the district court to reconsider this issue consistent with this opinion.

KOBES, Circuit Judge, concurring in the judgment.

I agree that we should vacate the judgment of the district court, but I would remand with instructions to enter judgment for Tapley. No further proceedings are necessary.

The district court's qualified immunity analysis was understandably short. Byrd's right to be free from intentional discrimination is clearly established. *Peterson v. Scott County*, 406 F.3d 515, 526 (8th Cir. 2005), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (en banc). Tapley doesn't dispute that.

What matters instead is whether Byrd can establish intentional discrimination that violates Title VII. It is undisputed that she scored 1.53 points higher on the sergeant promotion test and had 178 more training hours, but that Burrough was employed longer, had high performance evaluations, and a higher certification. The district court thought the qualifications were "close enough to warrant consideration by the jury" on the question of pretext.

I respectfully disagree. To show pretext, Byrd needs evidence that Burrough was less qualified than she was. *See Heisler v. Nationwide Mut. Ins. Co.*, 931 F.3d 786, 796 (8th Cir. 2019) ("To support a finding of pretext, the applicant must show that the employer hired a *less* qualified applicant." (cleaned up)). "If the comparison reveals that the plaintiff was only similarly qualified"—or to use the district court's term, closely qualified—"then no inference of discrimination would arise." *Pilot v. Duffy*, 143 F.4th 924, 930 (8th Cir. 2025) (cleaned up). Because of that, Tapley is entitled to summary judgment. *See, e.g.*, *id.* (candidates "had similar career

-3-

experiences and were both qualified for the position," so "minor differences" in experience were insufficient to show pretext); *Bonomo v. Boeing Co.*, 63 F.4th 736, 745 (8th Cir. 2023) (one candidate scored higher on pre-interview worksheet but the other had a better interview and higher degree, so "no reasonable factfinder could decide [the hired candidate] was objectively less well qualified").

_____